IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAWRENCE COX,

    Petitioner,        No. CIV S-09-2135 LKK DAD P

    vs.

LARRY SMALL, Warden,        <u>ORDER AND</u>

    Respondent.        <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

    Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis. Petitioner has also filed a motion for a stay and abeyance.

    Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. <u>See</u> 28 U.S.C. § 1915(a).

**BACKGROUND**

    On July 15, 2009, petitioner commenced this action by filing a petition for writ of habeas corpus in the United States District Court for the Southern District of California. Petitioner also filed a motion for a stay and abeyance. On July 23, 2009, the Southern District transferred the case to this court where venue is proper.

1

In his petition, petitioner challenges his 2006 judgment of conviction entered in the Solano County Superior Court. He asserts two claims for relief: (1) the prosecution failed to establish the unavailability of an absent witness before that witness' prior testimony was used to obtain his conviction, and (2) petitioner's trial counsel was ineffective when she failed to conduct an investigation regarding an eyewitness. (Pet. at 6-7 & Attach.)

In his motion for a stay and abeyance, petitioner acknowledges that his petition is a "mixed" petition because his second claim is unexhausted. By way of background, petitioner explains that, on December 24, 2008, he filed a petition for writ of habeas corpus containing his first claim in the California Supreme Court. On June 10, 2009, the California Supreme Court denied his petition. On March 24, 2009, he filed a petition for writ of habeas corpus containing his second claim in the Solano County Superior Court. On June 1, 2009, the Superior Court denied his petition. On June 20, 2009, petitioner filed a petition for writ of habeas corpus containing his second claim in the California Court of Appeal. At the time petitioner filed the instant motion in this court, that petition was still pending. (Mot. for Stay & Abey. at 1-3.)

Petitioner contends that he could not properly file both of his current claims at the same time with the California Supreme Court because he needed to collect necessary declarations in support of his second claim. Petitioner was concerned about the federal statute of limitations and sought to preserve time by filing his first claim with the California Supreme Court. Petitioner contends that his motion is not intended to harass the court, nor is he intending to abuse the writ. Rather, he merely seeks to exhaust all of his claims before proceeding on his federal petition. (Mot. for Stay & Abey. at 2-3.)

**DISCUSSION**

The United States Supreme Court has affirmed the district court's discretion to stay a federal habeas proceeding to allow a petitioner to present unexhausted claims to the state court where there is good cause for the petitioner's failure to exhaust all claims in state court before filing a federal habeas petition. See Rhines v. Weber, 544 U.S. 269 (2005). See also

King v. Ryan, 564 F.3d 1133 (9th Cir. 2009) (analyzing the two procedures available to habeas petitioners who wish to proceed with exhausted and unexhausted claims for relief); Anthony v. Cambra, 236 F.3d 568, 575 (9th Cir. 2000) (authorizing district courts to stay fully exhausted federal petitions pending exhaustion of other claims); Calderon v. United States Dist.Court (Taylor), 134 F.3d 981, 987-88 (9th Cir. 1998). This discretion to issue a stay extends to "mixed" petitions. Jackson v. Roe, 425 F.3d 654, 660 (9th Cir. 2005) ("Rhines concluded that a district court has discretion to stay a mixed petition to allow a petitioner time to return to state court to present unexhausted claims."). The Supreme Court cautioned, however, that "stay and abeyance should be available only in limited circumstances" and that a stay "is only appropriate when the district court determines there is good cause for the petitioner's failure to exhaust his claims first in state court." Rhines, 544 U.S. at 277. Even if a petitioner shows good cause, the district court should not grant a stay if the unexhausted claims are plainly meritless. Id. Finally, federal proceedings may not be stayed indefinitely, and reasonable time limits must be imposed on a petitioner's return to state court to exhaust additional claims. Id. at 277-78.

      In this case, petitioner cannot present the second claim in his federal petition or any other new claims to this court until those claims have been fairly presented to the California Supreme Court. According the California Court of Appeal's website, the court denied his petition on July 17, 2009 (A125288). According to the California Supreme Court's website, petitioner filed a petition for writ of habeas corpus in that court on July 27, 2009 (S174972). At this time, that petition is still pending before the California Supreme Court.

      It does not appear that the pro se petitioner seeks to stay these proceedings for an improper purpose. Nor does it appear that petitioner has engaged in abusive litigation tactics or intentional delay. Moreover, if petitioner obtains relief in state court, his federal petition may be rendered moot, thereby serving the interests of judicial economy as well as the interests of justice. Accordingly, good cause appearing, petitioner's motion for a stay and abeyance should be granted.

**CONCLUSION**

IT IS HEREBY ORDERED that petitioner's July 15, 2009 motion to proceed in forma pauperis (Doc. No. 2) is granted.

IT IS HEREBY RECOMMENDED that:

1. Petitioner's July 21, 2009 motion for a stay and abeyance (Doc. No. 4) be granted;

2. In the event that all of petitioner's unexhausted claims that he wishes to present to this court were not included in his state habeas petition pending before the California Supreme Court, petitioner be ordered to present all unexhausted claims to the California Supreme Court in a further state habeas corpus petition to be filed within thirty days;

3. This action be stayed and the Clerk of the Court be directed to administratively close the case;

4. Petitioner be ordered to file and serve a status report in this case on the first court day of each month; and

5. Petitioner be ordered to file and serve a motion to lift the stay of this action, along with a proposed amended petition containing only exhausted claims, within thirty days after petitioner is served with the California Supreme Court's order disposing of the state exhaustion petition.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the

/////

/////

/////

1  specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951
2  F.2d 1153 (9th Cir. 1991).
3  DATED: August 24, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

7  DAD:9
   cox2135.sty