IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAWRENCE COX,

    Petitioner,                   No. CIV S-09-2135 LKK DAD P

   vs.

LARRY SMALL, Warden,

    Respondent.                FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner, a state prisoner proceeding pro se, has filed an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On February 10, 2010, the undersigned ordered respondent to file and serve a response to the petition. On July 19, 2010, respondent filed the pending motion to dismiss, arguing that petitioner's habeas petition is time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Petitioner has filed an opposition to the motion. Respondent has not filed a reply.

**BACKGROUND**

        In 2006, a Solano County Superior Court jury found petitioner guilty of robbery, burglary, making criminal threats, false imprisonment, assault with a firearm, and assault by means likely to produce great bodily injury. The jury also found a number of enhancement allegations to be true. Pursuant to the jury's verdict the state trial court sentenced petitioner to

1

twenty-one years and four months in state prison. On December 7, 2007, the California Court of Appeal for the First Appellate District affirmed petitioner's judgment of conviction. Petitioner did not file a petition for review with the California Supreme Court. (Am. Pet. at 2, Resp't's Mot. to Dismiss Ex. 1.)

Petitioner subsequently filed three petitions seeking habeas corpus relief in state court. Under the mailbox rule[1], on December 19, 2008, petitioner filed a petition for writ of habeas corpus in the California Supreme Court which was denied on June 10, 2009. While that petition was pending, on or about April 1, 2009, petitioner filed a petition for writ of habeas corpus in the Solano County Superior Court which was denied on June 1, 2009. Finally, on or about June 24, 2009, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal for the First Appellate District which was denied on July 17, 2009. (Resp't's Mot. to Dismiss Exs. 2-5.)

On July 12, 2009, petitioner commenced this action by filing his federal petition for writ of habeas corpus together with a motion for a stay and abeyance. On October 27, 2009, the court granted petitioner's motion and stayed this case. Thereafter, petitioner filed a second petition for writ of habeas corpus in the California Supreme Court which was denied on December 23, 2009. (Resp't's Mot. to Dismiss Ex. 6.) Subsequently, petitioner returned to this court and filed a motion to lift the stay of this action together with an amended habeas petition. On February 10, 2010, the court granted petitioner's motion to lift the stay with the amended petition serving as the operative pleading before the court.

**RESPONDENT'S MOTION TO DISMISS**

I. <u>Respondent's Motion</u>

Respondent moves to dismiss the pending habeas petition, arguing that it is time-barred. Specifically, respondent argues that on December 7, 2007, the California Court of

---

[1] See <u>Houston v. Lack</u>, 487 U.S. 266, 276 (1988).

2

1  Appeal affirmed petitioner's conviction, causing his judgment of conviction to become "final"
2  forty days thereafter, on January 16, 2008, after the time for seeking review in the California
3  Supreme Court expired.  Respondent argues that the one-year statute of limitations for the filing
4  of a federal habeas petition began to run the following day, on January 17, 2008, and expired one
5  year later on January 16, 2009.  (Resp't's Mot. to Dismiss at 3.)

6        Respondent acknowledges that the proper filing of a state post-conviction
7  application challenging a judgment of conviction tolls the one-year statute of limitations period.
8  Respondent argues, however, that petitioner then waited 440 days before filing his first state
9  habeas petition in the Solano County Superior Court.  Respondent argues that petitioner's filings
10 in state court after the AEDPA statute of limitations had expired cannot serve to extend that
11 limitations period.  In addition, respondent notes that the California Court of Appeal denied
12 petitioner's state habeas petition filed with that court as untimely.  Respondent contends that
13 untimely petitions submitted in state court are not "properly filed" and therefore cannot serve to
14 toll the AEDPA's one-year statute of limitations.  (Resp't's Mot. to Dismiss at 3 & n.1.)

15 II.  Petitioner's Opposition[2]

16       In opposition to respondent's motion to dismiss, petitioner argues that he did not
17 delay 440 days prior to filing his first state habeas petition.  In fact, petitioner contends that on
18 December 22, 2008, he filed his petition for writ of habeas corpus with the California Supreme
19 Court.  Although the California Supreme Court ultimately denied the petition on June 10, 2009,
20 petitioner contends that he properly filed the petition and thereby stopped the statute of
21 limitations for the filing of his federal petition from running.  (Pet'r's Objs. at 2-3 & 5.)
22 /////

---

[2] Petitioner has filed several responses to respondent's motion to dismiss, including a "Notice of Discrepancy with Respondents [sic] Filed Lodgment," "Petitioners [sic] Objection to Respondents [sic] Motion to Dismiss and Supporting Affidavit," and "Petitioners [sic] Amendment to his Objection of Respondents [sic] Motion to Dismiss."  The court has read and considered all of petitioner's responses directed to the pending motion.

3

In addition, petitioner argues that he is entitled to equitable tolling of the statute of limitations. Specifically, petitioner contends that the California Court of Appeal improperly denied his habeas petition filed with that court as untimely. He argues that California has failed to define "substantial delay" for non-capital habeas petitioners so that, in his view, he should have been able to assume that his habeas petition filed in the state appellate court would have been timely because he filed it nineteen days after the Solano County Superior Court denied his habeas petition. (Pet'r's Objs. at 6-8, Pet'r's Am. Objs. at 1-10.)

Petitioner also argues that he is entitled to equitable tolling or to a delayed start of the statute of limitations under 28 U.S.C. § 2244(d)(1)(D) because from 2006 through mid-2008 he was ignorant of the law governing post-conviction actions and ineffective assistance of counsel ("IAC") claims. Petitioner contends that he eventually received the assistance of a fellow prisoner/paralegal who reviewed his case and helped him obtain declarations from witnesses in support of his claims. Petitioner notes that prison officials in the mail room at his institution of confinement failed to give him some of his legal mail (declarations) sent from his family in "2008/09", but contends that as soon as he received those declarations and his last declaration from his trial counsel, he filed his habeas petition in state court. (Pet'r's Objs. at 10-11, Pet'r's Am. Objs. at 11-13, Pet'r's Decl. 1-3.)

Finally, petitioner argues that even if his federal habeas petition is untimely, the court should excuse his untimeliness because he is actually innocent of some of the crimes for which he has been convicted. Petitioner contends that the evidence presented with his pending petition together with the facts underlying his IAC claims cast a vast shadow of doubt on the guilty verdicts returned in his case. (Pet'r's Objs. at 18-19.)

**ANALYSIS**

I. <u>The AEDPA Statute of Limitations</u>

On April 24, 1996, Congress enacted AEDPA which amended 28 U.S.C. § 2244 by adding the following provision:

     (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

     (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The one-year AEDPA statute of limitations applies to all federal habeas corpus petitions filed after the statute was enacted and therefore applies to the pending petition. See Lindh v. Murphy, 521 U.S. 320, 322-23 (1997).

II. Application of § 2244(d)(1)(A)

As noted above, in 2006, a Solano County Superior Court jury found petitioner guilty of robbery, burglary, making criminal threats, false imprisonment, assault with a firearm, and assault by means likely to produce great bodily injury. The jury also found a number of enhancement allegations to be true. The state trial court sentenced petitioner to twenty-one years and four months in state prison. On December 7, 2007, the California Court of Appeal for the First Appellate District affirmed petitioner's judgment of conviction. Petitioner did not file a petition for review with the California Supreme Court. (Am. Pet. at 2, Resp't's Mot. to Dismiss Ex. 1.)

For purposes of federal habeas review, petitioner's conviction became final on January 16, 2008, after the ten-day period for seeking direct review in the California Supreme Court expired. See Cal. Rules of Court 8.500 (formerly Rule 28). The AEDPA statute of limitations period began to run the following day, on January 17, 2008, and expired one year later on January 16, 2009. Under the mailbox rule, petitioner did not file his federal habeas petition in this court until July 12, 2009. Accordingly, the pending petition is untimely unless petitioner is entitled to the benefit of tolling.

III. Application of § 2244(d)(2)

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted" toward the AEDPA statute of limitations. 28 U.S.C. § 2244(d)(2). The statute of limitations is not tolled during the interval between the date on which a judgment becomes final and the date on which the petitioner files his first state collateral challenge because there is no case "pending." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Once a petitioner commences state collateral proceedings, a state habeas petition is "pending" during a full round of review in the state courts, including the time between a lower court decision and the filing of a new petition in a higher court, as long as the intervals between the filing of those petitions are "reasonable." Carey v. Saffold, 536 U.S. 214, 222-24 (2002).

In this case, petitioner filed three petitions seeking habeas corpus relief in state court. Under the mailbox rule, on December 19, 2008, petitioner filed his first habeas petition in the California Supreme Court. While that petition was pending, on or about April 1, 2009, petitioner filed a second habeas petition in the Solano County Superior Court. On June 1, 2009, the Superior Court denied his petition. Then, on June 10, 2009, the California Supreme Court denied his first petition. Finally, on or about June 24, 2009, petitioner filed his third habeas petition in the California Court of Appeal. On July 17, 2009, the Court of Appeal denied that petition as untimely with specific citation to the decision in In re Robbins, 18 Cal. 4th 770, 780

6

(1998) along with other authority.

As petitioner acknowledges, more than eleven months of the one-year AEDPA statute of limitations had elapsed before he filed his first habeas petition with the California Supreme Court. Specifically, 337 days of the one-year limitations period had elapsed before petitioner filed his first state habeas petition. Even granting petitioner tolling for the period his petition was pending in the California Supreme Court, which overlapped the period his petition was pending in the Solano County Superior Court, petitioner's federal habeas petition would still be untimely. This is because petitioner is not entitled to tolling for the period between the California Supreme Court's denial of his petition on June 10, 2009, and the filing of his federal petition on July 12, 2009, a period of 32 days. Although petitioner had filed a habeas petition in the California Court of Appeal in the interim, his petition was neither "properly filed" nor "pending" for purposes of statutory tolling because the California Court of Appeal for the First Appellate District denied that petition as untimely. See White v. Martel, 601 F.3d 882, 884 (9th Cir. 2010) ("tolling under section 2244(d)(2) is unavailable where a state habeas petition is deemed untimely under California's timeliness standards"), cert. denied, __ U.S. __, 2010 WL 2998204 (U.S. Oct. 4, 2010); Thorson v. Palmer, 479 F.3d 643, 645 (9th Cir. 2007) (a state habeas corpus petition denied with a citation to "the very page of Robbins that sets forth 'the basic analytical framework' governing California's timeliness determinations in habeas corpus proceedings" is a clear ruling that the state petition was untimely and not properly filed for purposes of statutory tolling); Bonner v. Carey, 425 F.3d 1145, 1149 (9th Cir. 2005) ("[I]f a state court denies a petition as untimely, none of the time before or during the court's consideration of that petition is statutorily tolled."), amended by 439 F.3d 993 (9th Cir. 2006). During this time, an additional month elapsed under the AEDPA statute of limitations. Accordingly, by the time petitioner filed his original federal habeas petition on July 12, 2009, the AEDPA statute of limitations for doing so had expired, albeit by only four days, thereby rendering his federal habeas petition time-barred.

IV.  Equitable Tolling, Application of § 2244(d)(1)(D), and Actual Innocence

The United States Supreme Court has recently confirmed that the AEDPA statute of limitations "is subject to equitable tolling in appropriate cases." Holland v. Florida, __ U.S. __, 130 S. Ct. 2549, 2560 (2010). However, "a 'petitioner' is 'entitled to equitable tolling' only where he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." 130 S. Ct. at 2562 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).[3] See also Harris v. Carter, 515 F.3d 1051, 1054 (9th Cir. 2008); Stillman v. LaMarque, 319 F.3d 1199, 1202 (9th Cir. 2003).  Thus, equitable tolling is appropriate only when external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely federal habeas petition. See Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  Moreover, the petitioner bears the burden of demonstrating the existence of grounds for equitable tolling. See Espinoza-Matthews v. California, 432 F.3d 1021, 1026 (9th Cir. 2005); Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002).

Courts are expected to "take seriously Congress's desire to accelerate the federal habeas process." Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283, 1289 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States Dist. Court (Kelly), 163 F.3d 530 (9th Cir. 1998). See also Corjasso v. Ayers, 278 F.3d 874, 877 (9th Cir. 2002) (describing the Ninth Circuit's standard as setting a "high hurdle" to the application of equitable tolling).  To this end, "the circumstances of a case must be "extraordinary" before equitable tolling can be applied[.]" Holland, 130 S. Ct. at 2564.  Whether a party is entitled to equitable tolling "turns on the facts and circumstances of a particular case." Spitsyn v. Moore, 345 F.3d 796, 801 (9th Cir. 2003) (quoting Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999)). See also Holland, 130 S. Ct. at 2565 (leaving "to the Court of Appeals to determine whether the facts

/////

---

[3] "The diligence required for equitable tolling purposes is 'reasonable diligence' . . . not 'maximum feasible diligence.'" Holland, 130 S. Ct. at 2565 (citations omitted).

1  in this record entitle Holland to equitable tolling, or whether further proceedings, including an
2  evidentiary hearing, might indicate that respondent should prevail").

3  In this case, even assuming petitioner has been pursuing his rights diligently, he
4  has not demonstrated that some extraordinary circumstance stood in his way of filing a timely
5  federal petition. First, petitioner argues that California law is not clear on filing deadlines and
6  that the California Court of Appeal improperly denied his petition as untimely. However, it is
7  well established that a prisoner's lack of understanding of the law, without more, is not grounds
8  for equitable tolling. See Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) ("a pro se
9  petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting
10 equitable tolling"); Hughes v. Idaho State Bd. of Corrs., 800 F.2d 905, 909 (9th Cir. 1986) (pro
11 se prisoner's illiteracy and lack of knowledge of the law unfortunate but insufficient to establish
12 cause); Gunn v. Salazar, No. CIV 08-0972 LAB (Wmc), 2009 WL 861247, at *12 (S.D. Cal.
13 Mar. 27, 2009) (petitioner's "confusion about state court timeliness and his own ignorance about
14 the law" is not grounds for equitable tolling).

15 Nor is petitioner entitled to equitable tolling or to a delayed start of the statute of
16 limitations under § 2244(d)(1)(D) because it was not until June or July 2008 that a fellow
17 prisoner/paralegal informed him that his trial counsel was ineffective for failing to investigate
18 and call certain witnesses. Specifically, petitioner's alleged lack of legal assistance is not an
19 extraordinary circumstance warranting equitable tolling. If this were sufficient grounds to
20 warrant equitable tolling, "the AEDPA statute of limitations period effectively would be negated,
21 given that the vast majority of Section 2254 litigants are not trained lawyers and proceed pro se,
22 because they lack the funds to retain counsel." Bivens v. Campbell, No. CV. 08-00915 DOC
23 (MAN), 2009 WL 1096277 (C.D. Cal. Apr. 22, 2009). Cf. Nevius v. Sumner, 105 F.3d 453, 460
24 (9th Cir. 1996) (no absolute right to appointment of counsel in habeas proceedings).

25 Moreover, under § 2244(d)(1)(D), petitioner was aware, or should have been
26 aware, of the factual basis of his IAC claims at trial. See Souliotes v. Evans, __ F.3d __, 2010

WL 361990 at *4 (9th Cir. Sept. 20, 2010) (§ 2244(d)(1)(D) requires "due" or "reasonable" diligence); Hasan v. Galaza, 254 F.3d 1150, 1154-55 (9th Cir. 2001) (the relevant inquiry under § 2244(d)(1)(D) is when a petitioner knows of a factual basis of a claim or should become aware of the factual basis of a claim through the exercise of due diligence). Petitioner maintains throughout his amended petition and opposition to the pending motion that he repeatedly informed his trial counsel of certain witnesses and insisted that she investigate them prior to trial. Petitioner has also submitted a declaration from his trial counsel Dora M. Rios. Therein, petitioner's trial counsel declares:

> In preparing Mr. Cox's case for trial he informed me of three witnesses that he wanted me to contact. Per Mr. Cox, each of the witnesses had exculpatory evidence to provide. He requested that I contact and speak with [them]. . . . In addition, Mr. Cox requested that the above named people be called as witnesses in his trial.

(Pet'r's Not. of Discrepancy, Rios Decl.)

That petitioner failed to appreciate the legal significance of these facts does not justify delaying the commencement of the statute of limitations for seeking federal habeas relief until June or July 2008. See Hasan, 254 F.3d at 1154 n.3 ("This is not to say that [petitioner] needed to understand the legal significance of those facts-rather than simply the facts themselves- before the due diligence (and hence the limitations) clock started ticking."); Earls v. Hernandez, 403 F. Supp. 2d 985, 989 (C.D. Cal. 2005) (rejecting petitioner's argument that the statute of limitations did not begin to run under § 2244(d)(1)(D) until he received a declaration from his trial counsel in support of his IAC claim) (citing Brooks v. McKee, 307 F. Supp. 2d 902, 906 (E.D. Mich. 2003) ("It is the actual or putative knowledge of the pertinent facts of a claim that starts the clock running; the accrual of the statute of limitations does not await the collection of evidence which supports the facts.") and Redmond v. Jackson, 295 F. Supp. 2d 767, 771 (E.D. Mich. 2003) ("[Section] 2244(d)(1)(D) does not convey a statutory right to an extended delay while a petitioner gathers every possible scrap of evidence that might support his claim.")). See also Larson v. Yates, No. CIV S-08-1884 EFB P, 2009 WL 4282050 (E.D. Cal. Nov. 24, 2009)

(finding petitioner was not entitled to a delayed start of the statute of limitations under § 2244(d)(1)(D) because he should have discovered the facts essential to his IAC claims at trial and not when a fellow inmate subsequently reviewed his file); Bustamonte v. Adams, No. CIV S-08-2105 JAM DAD P, 2009 WL 2390610 (E.D. Cal. Aug. 3, 2009) (finding that petitioner was aware of the factual predicate of his IAC claim at the time of his sentencing).  Thus, application of § 2244(d)(1)(D), providing that the statute of limitations commences on the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence, would not be beneficial to petitioner since he was aware of the factual predicate of his claims at the time of his trial.  Therefore, the statute of limitations under § 2244(d)(1)(D), as under § 2244(d)(1)(A), would have expired no later than one year after petitioner's conviction had became final plus any time for statutory tolling.

In his opposition to the pending motion, petitioner also mentions that prison officials in the mail room delayed giving him some of his legal mail (declarations) sent from his family in "2008/09."  To be sure, the Ninth Circuit has held that denying a prisoner access to his legal materials can provide grounds for equitable tolling of the AEDPA statute of limitations. See, e.g., Espinoza-Matthews v. California, 432 F.3d 1021, 1028 (9th Cir. 2005) ("Because Espinoza-Matthews was denied access to his legal materials for the duration in which he was housed in Ad/Seg, we will toll the statute of limitations for that entire period[.]"); Lott v. Mueller, 304 F.3d 918, 921-24 (9th Cir. 2002) (a petitioner who was denied access to his legal files for 82 days during two temporary transfers and obtained the return of those materials shortly before the AEDPA statute of limitations expired had encountered extraordinary circumstances sufficient to warrant equitable tolling).  However, insofar as petitioner is making such a claim here, the undersigned finds that he is not entitled to relief under the circumstances he describes. First, petitioner has failed to provide any specific allegations as to when and for how long he experienced delays in receiving his mail.  Moreover, any delay petitioner experienced in the receipt of his legal mail was not the "but for" or proximate cause of the untimely filing of his

federal petition in this court. See Bryant v. Ariz. Atty. Gen., 499 F.3d 1056, 1061 (9th Cir. 2007); Allen v. Lewis, 255 F.3d 798, 800-01 (9th Cir. 2001).

Specifically, petitioner declares that mail room officials delayed giving him the declarations that his family mailed him. However, petitioner also declares that he intentionally waited to file his petition for writ of habeas corpus in state court until he received his "last" declaration from his trial counsel. (Pet'r's Decl. at 1-3.) In this regard, petitioner himself implicitly acknowledges that he delayed filing his state habeas petition because he wanted to wait to submit it with the declaration from his trial counsel and not because prison officials delayed in forwarding to him declarations that his family sent him.

Finally, petitioner's claims of "actual innocence" are of no help to him in connection with his statute of limitations argument. The Ninth Circuit has recently held that "there is no 'actual innocence' exception to the one-year statute of limitation for filing an original petition for habeas corpus relief." See Lee v. Lampert, 610 F.3d 1125, 1136 (9th Cir. 2010). This court is bound by that decision.

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's July 19, 2010 motion to dismiss (Doc. No. 30) be granted; and

2. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are

/////

/////

advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 21, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
cox2135.157